**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **EDDIE RAY PERRY, ID # 278177,** )<br>             Petitioner, ) | |
| vs. ) | No. 3:12-CV-0026-D (BH) |
| ) | |
| **RICK THALER, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|             Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

**I.  BACKGROUND**

On January 4, 2012, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the revocation of his parole on May 6, 2010, in Dallas County, Texas. Respondent is Rick Thaler, Director of TDCJ-CID.

**A.     Factual and Procedural History**

On September 19, 1977, the State indicted petitioner for carrying a prohibited weapon as a felon in Cause No. F77-7777-K, enhanced by two prior felonies. (State Habeas Transcript ("S.H.Tr.") [WR-4842-13]:63-64). He pleaded not guilty and was found guilty by a jury on February 22, 1978. That same day, after finding the two enhancements to be true, the jury sentenced petitioner to life imprisonment. (*Id*. at 65-67).

Petitioner was last released on parole on October 15, 2008. (Resp., Appendix A). On April 19, 2010, the Board of Pardons and Paroles conducted a preliminary hearing to decide whether or not to proceed to a formal parole revocation hearing. (Resp. App. B). Petitioner was appointed

counsel due to his advanced age (70 years) and because he indicated that he did not always understand the process. (S.H.Tr.:27). At this hearing, petitioner's parole officer summarized accusations in police reports that on or about February 2, 2010, petitioner had committed aggravated assault with a deadly weapon by attacking a person with a knife outside of a convenience store and was in possession of four knives that were prohibited weapons. (S.H.Tr.:29). Petitioner testified at this preliminary hearing and denied that he attacked anyone. As he was leaving the store, he was approached by two young men who called him a racial epithet and threatened to take one of his beers, and he replied that they would not "mess" with him if he had a pistol. The police arrested him shortly thereafter, but he did not have any knives on him. (S.H.Tr.:30). Evidence was presented that the aggravated assault and possession of a prohibited weapon charges were dismissed by the Dallas Police Department in February and March of 2010, respectively. (S.H.Tr.:27). No objections or motions were made at the hearing. The hearing officer determined that a parole revocation hearing should be held, concluding that there was probable cause to believe that petitioner did violate the rules against violating state law and illegally possessing weapons. (S.H.Tr.:29).

A parole revocation hearing was held on April 30, 2010. During this hearing, petitioner was again represented by counsel, who made several objections to the State's evidence that were overruled by the hearing officer. (Resp. App. C at 2-4). The preliminary hearing report was admitted into evidence. The two complainants in the aggravated assault case testified, as did the detective who investigated the case and the two officers who arrested petitioner and discovered two knives on petitioner, including a prohibited switchblade knife. Petitioner declined to testify. (Resp. App. C at 6-7). At the conclusion of the hearing, the hearing officer concluded that petitioner had not committed aggravated assault because she did not find the alleged victims to be credible

2

witnesses. *Id.* at 7-8. The hearing officer did conclude that petitioner violated the rule against possessing a prohibited weapon, and after noting that this was his second parole warrant and that the first one issued in October of 2009 for an assault had been withdrawn, recommended that his parole be revoked. *Id*. at 7, 9. On May 6, 2010, petitioner's parole was revoked. (Resp., App. B).

Petitioner filed a state habeas application challenging this parole revocation on April 5, 2011. (S.H.Tr.:2). On December 14, 2011, the Texas Court of Criminal Appeals denied his state application on the merits without a written order. *Id*. at cover; *see also Ex parte Perry*, No. WR-4842-13 (Tex. Crim. App. Dec. 14, 2011).

**B.      Substantive Claims**

On January 4, 2011, petitioner filed a federal habeas petition (Pet.) alleging in one ground for relief that he was denied due process during the parole revocation hearing process because:

> -the evidence against him was not disclosed to him because he was never served a copy of the documents concerning Cause #F10-51845, a case in which he was charged with aggravated assault, and he therefore was unable to defend himself against this evidence (Pet. at 8-9);
>
> -he was not provided an opportunity to be heard or to present documentary evidence and testimony because his attorney made no objections and did not submit a copy of petitioner's affidavit to the hearing officer and because his attorney refused to call petitioner's daughter as a witness on his behalf (Pet. at 9); and
>
> -he was not allowed to confront and cross-examine adverse witnesses because his attorney chose not to cross-examine the witnesses that were called, including witnesses that the hearing officer found not to be credible. (Pet. at 10-11).

Respondent filed a response on May 4, 2012, and provided the state court records. Petitioner did not file a reply brief.

## II.  AEDPA STANDARD

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

3

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writs constitute an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). The AEDPA standards enumerated in 28 U.S.C. § 2254(d) therefore apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] prece-

4

dent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. DUE PROCESS

Petitioner claims that the State violated his due process rights during the revocation proceedings because evidence was not disclosed to him, he was not permitted to submit evidence and testimony, and he was not permitted to confront and cross-examine witnesses.

A parolee is constitutionally entitled to certain due process protections before his parole may be revoked. *Morrissey v. Brewer*, 408 U.S. 471, 487-488 (1972). "The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation."[1] *Black v. Romano*, 471 U.S. 606, 610 (1985). In particular, parolees have due process right to (1) written notice of the alleged parole violations; (2) disclosure

---

[1] "Probationers and parolees have virtually identical constitutional due process rights in revocation hearings." *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994).

5

of the evidence against them; (3) an opportunity to be heard in person and present witnesses and documentary evidence; (4) cross-examine and confront witnesses unless there is good cause to disallow confrontation; (5) a neutral decision maker; and (6) a written statement as to the evidence relied upon and the reasons for revoking parole. *Morrissey*, 408 U.S. at 489. Indigent parolees have a constitutional right to appointment of counsel at parole revocation hearings only when the "parolee's version of a disputed issue can fairly be represented only by a trained advocate". *Gagnon v. Scarpelli*, 411 U.S. 778, 788 (1973). Although counsel will not be constitutionally necessary in most revocation cases, "fundamental fairness – the touchstone of due process" may dictate that counsel be appointed in a particular case. *Id.* at 790.

Petitioner first asserts that his due process rights were violated because he was not provided a copy of the Judicial Information Printout regarding the charge of aggravated assault. The police reports were read into the record at the preliminary hearing, and the complaining witnesses and the police officers testified at the parole revocation hearing. Petitioner has not alleged, much less shown, that there was additional evidence regarding this charge included in the printout that was not addressed in his presence at the hearings. In fact, the charge of aggravated assault was dismissed by the hearing officer and was not used as the basis for revoking his parole, so petitioner was able to properly defend himself against this charge.

Petitioner next asserts that he was not provided an opportunity to be heard and present evidence at the hearing because his attorney made no objections, did not place petitioner's affidavit into evidence, and did not call his daughter as a witness. To the contrary, petitioner testified at the preliminary hearing about his version of events, and the record indicates that he was offered the opportunity to testify at the revocation hearing but declined. Although his attorney did not offer his

affidavit into evidence, his testimony from the preliminary hearing was placed into evidence at the revocation hearing and was considered. The record also reflects that his appointed attorney made several objections to the State's evidence at the revocation hearing. Finally, while petitioner asserts that his attorney refused to call his daughter as a witness, petitioner merely makes the conclusory statement that she had "knowledge of material facts" but does not explain why her testimony was relevant. (Pet. at 9). He has therefore failed to establish that his due process rights were violated because he was not permitted to submit evidence. *Cf Williams v. Quarterman*, 307 Fed. App'x 790, 791-93 (5th Cir. Jan. 13, 2009) (holding that the parole revocation hearing did not comply with the due process requirements of an opportunity to be heard and present witnesses where the parole officer did not subpoena three available, incarcerated witnesses who would have provided eyewitness testimony in support of petitioner's alibi defense to a charge of assault with which he had previously been charged, and from which he was acquitted).

Finally, petitioner asserts that he was not allowed to confront and cross-examine adverse witnesses because his attorney chose not to cross-examine the witnesses that were called. Petitioner's allegation that his appointed attorney chose not to cross-examine witnesses is not evidence that petitioner was not provided an *opportunity* to confront and cross-examine witnesses. The record reflects that petitioner was present at his parole revocation hearing and that his attorney challenged the testimony of adverse witnesses. Indeed, one of the charges was successfully defended because the complaining witnesses were judged to be unreliable. As for petitioner's allegation that the evidence against him for possession of an illegal weapon was not credible because the criminal charge was dismissed, consideration at a parole revocation hearing of criminal charges that have been dismissed does not violate a parolee's due process rights. *Else v. Johnson*, 104 F.3d

7

82, 83 (5th Cir. 1997) (per curiam); *Villarreal v. U.S. Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993). The hearing officer heard the testimony of the two police officers who arrested petitioner with an illegal knife in his possession. Revocation of petitioner's parole based on this testimony does not establish a violation of his due process rights. Because petitioner has failed to establish that his due process rights were violated, the state court's denial of this claim is not contrary to federal law, and this claim should be denied.

## IV. EVIDENTIARY HEARING

Based on the relevant filings and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED on this 11th day of December, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE